**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JORGE VÁZQUEZ ROMÁN, SONIA RIVERA COLÓN, AND THE CONJUGAL PARTNERSHIP COMPRISED BETWEEN THEM**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**(1) JOSEPH GONZÁLEZ FALCÓN, in his personal and official capacity as Superintendent of the Puerto Rico Police Department**<br>**(2) ANTONIO LÓPEZ FIGUEROA, in his personal capacity, and former Commissioner of the Puerto Rico Police Department;**<br>**(3) JULIO RENTAS PADILLA, in their personal and official capacity as investigative officers of the Puerto Rico Police Department's Metropolitan Narcotics Division;**<br>**(4) CARLOS A. PÉREZ ROSADO, in their personal and official capacity as investigative officers of the Puerto Rico Police Department's Metropolitan Narcotics Division;**<br>**(5) LESLIE LÓPEZ FIGUEROA, in their personal and official capacity as investigative officers of the Puerto Rico Police Department's Metropolitan Narcotics Division;**<br>**(6) JEANEMIL RIVERA HIRALDO, in their personal and official capacity as investigative officers of the Puerto Rico Police Department's Metropolitan Narcotics Division;**<br>**(7) ERIC MEDINA, all in their personal and official capacity as Director of the Puerto** | **CIVIL NO.** 25-cv-<br><br>For Civil Rights Violation, Compensatory and Punitive Damages<br><br>**PLAINTIFF DEMAND TRIAL BY JURY** |

Rico Police Department's Metropolitan Narcotics Division;
(8) **JOHNNY RODRÍGUEZ PÉREZ, all in their personal and official capacity as Captain of the Puerto Rico Police Department's Metropolitan Narcotics Division;**
(9) **UNKNOWN DEFENDANTS**

Defendants.

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, the Plaintiffs, Mr. Jorge Vázquez Román, Mrs. Sonia Rivera Colón, and the conjugal partnership comprised between them, ("Plaintiffs"), through their undersigned attorney and very respectfully state, allege and pray as follows:

## I.    NATURE OF THE ACTION AND JURISDICTION

1.1    This action arises under the Constitution and Laws of the United States and move particularly under the Fourth, Fifth and Fourteenth Amendments to the Constitution, and the Civil Rights Act of 1871, 42 USC §1983.

1.2    Jurisdiction is conferred upon this Court by Title 28 USC §§1331, 1334 insofar as plaintiffs' claims present a federal question.

1.3    Venue properly lies in this district since all facts occurred, and all claims arose in the Commonwealth of Puerto Rico.

1.4    Plaintiffs demand trial by jury as to all counts and request for relief set forth in the instant complaint.

## II.    THE PARTIES

### A.  Plaintiffs

2.1     Plaintiffs are JORGE VÁZQUEZ ROMÁN (hereinafter "Vázquez Sr."), SONIA RIVERA COLÓN (hereinafter "Mrs. Rivera") and their conjugal partnership (hereinafter "Vázquez-Rivera"), all who institute the present action, are citizens of the United States of America, of legal age, married to each other, residents of Trujillo Alto, and parents of the late Omar Ariel Vázquez Rivera (hereinafter "Vázquez Jr.").

B.  **Defendants**

2.2     Defendant Superintendent JOSEPH GONZÁLEZ FALCÓN (hereinafter "Superintendent González") is a citizen of the United States residing in Puerto Rico; and at the present time is the Chief of Police of the Puerto Rico Police Department. Superintendent González is being sued in his official capacity for the injunctive remedies requested herein. As Chief of Police, Superintendent González executes the laws and regulations of the Commonwealth of Puerto Rico in relation to law enforcement and was also responsible for the adequate training, supervision and discipline of all the employees and officers of the Police Department. The Superintendent is also responsible for and makes and executes by himself and through the Police Department's officers and employees, policy decisions regarding training and law enforcement techniques to be employed by the Police Department.

2.3     Defendant CORONEL ANTONIO LÓPEZ FIGUEROA (hereinafter "Commissioner López") is a citizen of the United States residing in Puerto Rico; and at all times pertinent herein was the Chief of Police of the Puerto Rico Police Department and acted under color of law. Commissioner López is being sued in his individual and official capacity for the conduct, misconduct, lack of training and supervision, negligence and damages hereinafter asserted and claimed. As Chief of Police, Commissioner López

executed the laws and regulations of the Commonwealth of Puerto Rico in relation to law enforcement and was also responsible for the adequate training, supervision and discipline of all the employees and officers of the Police Department. The Commissioner was also responsible for, and made and executed by himself and through the Police Department's officers and employees, policy decisions regarding training and law enforcement techniques to be employed by the Police Department. Commissioner López failed in his duty to supervise, evaluate, train, monitor, assign and/or discipline officers and codefendants JULIO RENTAS PADILLA, CARLOS A. PÉREZ ROSADO, LESLIE LÓPEZ FIGUEROA and JEANEMIL RIVERA HIRALDO. Defendant López is also liable for his direct actions and omissions described below.

2.4    Defendant JULIO RENTAS PADILLA, Badge No. 37601, (hereinafter "Defendant Rentas") is a citizen of the United States residing in Puerto Rico and at all times pertinent herein was an investigative officer of the Police Department's Metropolitan Narcotics Division and acted under color of law; and is being sued in his individual and official capacity for the conduct, misconduct, negligence and damages hereinafter asserted and claimed.

2.5    Defendant CARLOS A. PÉREZ ROSADO, Badge No. 32772, (hereinafter "Defendant Pérez") is a citizen of the United States residing in Puerto Rico and at all times pertinent herein was an investigative officer of the Police Department's Metropolitan Narcotics Division and acted under color of law; and is being sued in his individual and official capacity for the conduct, misconduct, negligence and damages hereinafter asserted and claimed.

2.6    Defendant LESLIE LÓPEZ FIGUEROA, Badge No. 37489, (hereinafter "Defendant Lopez-Figueroa") is a citizen of the United States residing in Puerto Rico and at all times pertinent herein was an investigative officer of the Police Department's Metropolitan Narcotics Division and acted under color of law; and is being sued in her individual and official capacity for the conduct, misconduct, deliberate indifference, negligence and damages hereinafter asserted and claimed.

2.7    Defendant JEANEMIL RIVERA HIRALDO, Badge No. 37972, (hereinafter "Defendant Rivera") is a citizen of the United States residing in Puerto Rico and at all times pertinent herein was an investigative officer of the Police Department's Metropolitan Narcotics Division and acted under color of law; and is being sued in his individual and official capacity for the conduct, misconduct, negligence and damages hereinafter asserted and claimed.

2.8    Defendant SARGEANT ERIC MEDINA, Badge No. 37817, (hereinafter "Defendant Medina") is a citizen of the United States residing in Puerto Rico and at all times pertinent herein was an supervising officer of the Police Department's Metropolitan Narcotics Division and acted under color of law; and is being sued in his individual and official capacity for the conduct, misconduct, negligence and damages hereinafter asserted and claimed. Defendant Medina's action or inaction constituted as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference.

2.9    Defendant CAPTAIN JOHNNY RODRÍGUEZ PÉREZ, Badge No. 5-24391, (hereinafter "Defendant Rodríguez") is a citizen of the United States residing in Puerto Rico and at all times pertinent herein was an supervising officer of the Police Department's

Metropolitan Narcotics Division and acted under color of law; and is being sued in his individual and official capacity for the conduct, misconduct, negligence and damages hereinafter asserted and claimed. Defendant Rodriguez' action or inaction constituted as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference.

2.10   UNKNOWN DEFENDANTS, which are the persons that have not been identified and once known will be substituted accordingly.

### III.   FACTS

3.1   Omar Vázquez, a 40-year-old bartender and waiter, who worked at Lounge 291 Ave, Winston Churchill, San Juan.

3.2   On September 23, 2024, at approximately 5:25 a.m., Vázquez Jr. was conversing with a friend on the street near Building 6 of the Residential Jardines de Cupey. During this time, an unmarked vehicle approached the area.

3.3   At that moment, four unidentified individuals, dressed in civilian clothing without badges, identification, or bulletproof vests, exited the vehicle. Without any prior warning, they began shooting in the direction of Vázquez towards Building 6. As the gunfire erupted, Vázquez Jr. attempted to flee. It was later revealed that the shooters were police officers. According to statements from Col. Carlos Cruz, more than twenty shots were fired by the police officers. It was later learned that the officers who shot without warning and/or justifiable reason were Defendants Rentas and Pérez. Meanwhile, Defendants López-Figueroa and Rivera were present and with gross negligence and deliberate indifference allowed the unjustified shooting of Vázquez Jr.

3.4     Vázquez Jr. sustained two gunshot wounds—one to his back, particularly his left scapula, on the back of his right thigh and another to his head, resulting in exposed brain matter. He collapsed face down on the ground. The officers then approached his body, turned him face up, and placed him in handcuffs before calling for an ambulance. Vázquez was left at the scene for approximately 15 minutes before being transported to the Centro de Trauma del Hospital Centro Médico. Forensic investigators later recovered 35 bullet casings from the scene.

3.5     Vázquez Jr. was pronounced dead at 6:29 a.m. on September 23, 2024. The cause of death was determined to be gunshot wounds and catastrophic, irreversible brain damage. In addition to the shooting, one of the officers reportedly kicked over Vázquez's parked motorcycle near the scene.

3.6     The wrongful death of Omar Vázquez resulted from the officers' callous and deliberate indifference, as well as their negligence. Vázquez was shot in the back and left to bleed without receiving immediate medical attention. The police supervisors failed to implement adequate policies to prevent incidents of misconduct like this one. Without limitation, they failed to:

   a.  Properly train and retrain officers on the appropriate use of deadly force.

   b.  Establish guidelines for pursuing fleeing suspects and/or innocent bystanders.

   c.  Ensure officers provided emergency medical care to injured individuals.

3.7     These failures caused the excessive use of force, police brutality, and the officers' failure to intervene to protect Vázquez. The known involved officers, as of now, are Defendant Rentas and Defendant Pérez.

3.8    The Commonwealth of Puerto Rico is liable for the wrongful death of Omar Vázquez and must compensate the claimant for damages, pain, and suffering, including the decedent's suffering prior to his death, in an amount no less than $5,000,000.

### IV.    FIRST CAUSE OF ACTION
### Fourth, Fifth and Fourteenth Amendment

4.1    The allegations contained in all preceding paragraphs are re-alleged and fully incorporated herein.

4.2    The essential elements of claim brought under Section 1983 of the Civil Rights Act are: (1) conduct committed by a person acting under color of state law, (2) that deprived plaintiff(s) of rights, privileges or immunities secured by the Constitution or laws of the United States.

4.3    The Fourth Amendment, through the Fourteenth Amendment, protects individuals against unreasonable searches and seizures by the state. U.S. CONST. AMEND. IV C'[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no Warrants shall issue, but upon probable cause. Fourth Amendment right to be free from police brutality, unreasonable seizure, arrest, and detention.

4.4    The Due Process Clause of the Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law ...." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.

4.5    The shooting alleged in this complaint deprived Vazquez Jr. of his life without due process of law in violation of the Fourteenth Amendment and to have constituted an

unreasonable seizure in violation of the Fourth Amendment.

4.6     A supervisory official may be held liable under§ 1983 for his subordinates' behavior if (1) his subordinates' behavior results in a constitutional violation and (2) the official's action or inaction was affirmatively linked to that behavior such that "it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008).

4.7     The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend IV. This constitutional protection includes the right to be free from the use of excessive and/or deadly force during the seizure of a person.

4.8     Defendants, acting under color of law, used excessive and unreasonable force in seizing Vazquez Jr., which directly caused his injuries and subsequent death.

4.9     The touchstone of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it. Mathews v. Eldirdgg, 424 U.S. 319 348-49 (1976). Fourteenth Amendment requires an opportunity to be heard at a meaningful time and in a meaningful manner. Goldberg v. Kelly. 397 U.S. 254, 267 (1970). As stated above, Vazquez had a fundamental liberty interest in his life and bodily integrity. Defendants, acting under color of law, deprived him of that interest without due process of law. Defendants' actions provided no procedural safeguards and created an unacceptable risk of arbitrary and erroneous deprivation of life and liberty, in violation of the Fourteenth Amendment.

4.10    Pursuant to 42 U.S.C. § 1983, Defendants, acting under color of law, violated Plaintiffs' constitutional rights by using excessive and unreasonable force in seizing

Vazquez, thereby depriving him of his rights under the Fourth Amendment and causing his injuries and subsequent death. These actions, as set forth in this Complaint, also constitute egregious, arbitrary, and conscience-shocking violations of Plaintiffs' rights to Substantive Due Process of Law under the Fourteenth Amendment.

4.11    As a result of the Defendants' unconstitutional and illegal conduct, including conspiring to do so, plaintiffs suffered irreparable and continuing harm, emotionally, economically in their civil rights. Defendants are jointly and severally liable for the damages, injuries and constitutional violations.

4.12    Defendants are jointly and severally liable for the damages, injuries and constitutional violations inflicted upon Plaintiffs.

## V.    SECOND CAUSE OF ACTION
### (Direct and Supervisory Liability)

5.1    The allegations contained in all preceding paragraphs are re-alleged and fully incorporated herein.

5.2    The facts set forth in this complaint constitute violations of plaintiffs' Fourth and Fourteenth Amendment of the United States Constitution and the Civil Rights Act of 1871, 42 USC §1983.

5.3    Plaintiffs aver that supervisory defendants knew or should have known of Defendants Rentas and Pérez' negligent behavior and turned a blind eye to these problematic rogue police officers in failing to properly supervise them and take remedial action against them.  This conduct by supervisory defendants constitutes a reckless or callous indifference to plaintiffs' constitutional rights for which they are liable.

5.4    Commissioner López, Superintendent González, Defendant Medina and Defendant Rodríguez are, as well, liable for their actions and omissions previously

explained in the factual allegations under the Fourth and Fourteenth Amendment. All defendants are severally and jointly liable for their actions.

## VI.    THIRD CAUSE OF ACTION
### (Failure to Take Remedial Action, and to Properly Train and Retrain)

6.1    The allegations contained in all preceding paragraphs are re-alleged and fully incorporated herein.

6.2    The facts set forth in this complaint constitute violations of plaintiffs' Fourth, and Fourteenth Amendment of the United States Constitution and the Civil Rights Act of 1871, 42 USC §1983.

6.3    Defendants López, González, Medina and Rodríguez were reckless and callously indifferent to the constitutional rights of plaintiffs. They also failed to take remedial action against rogue police officers Defendants Rentas and Pérez failed to send them to psychological evaluations, failed to train and retrain them, failed to remove them from preventive and control operations in order to prevent the civil rights violations they perpetrated on citizens as plaintiffs; and failed to suspend or dismiss them from the Puerto Rico Police Department. All defendants are severally and jointly liable for their actions.

## VII.    FOURTH CAUSE OF ACTION
### (Punitive and Compensatory Damages)

7.1    The allegations contained in all preceding paragraphs are re-alleged and fully incorporated herein.

7.2    The willful, wanton and intentional disregard for the plaintiffs' dignity, civil liberties and constitutional rights and immunities, mandates the imposition of punitive damages against all defendants in order to deter the conduct and procedures which

caused the injuries and damages to plaintiffs.  In order to dispel impunity and serve as deterrent, punitive damages should be imposed in an amount not less than $5,000,000.00 against each of the defendants.

7.3    The negligence displayed by defendants renders them jointly and severally liable for compensatory damages to plaintiffs as follows:

      a.   for Mr. Vázquez an amount not less than $2,000,000.00 for pain and mental suffering;

      b.  for Mrs. Rivera an amount not less than $2,000,000.00 for pain and mental suffering;

      c.  and punitive damages in favor of each plaintiff in not less than $5,000,000.00.

## VIII.    FIFTH CAUSE OF ACTION
### (Injunctive Relief)

8.1    The allegations contained in all preceding paragraphs are re-alleged and fully incorporated herein.

8.2    The Supervisory Defendant has failed to comply with their duty to adequately train, supervise and discipline the employees they respectively supervise in order to guarantee the protection of civilians from violations of their constitutional rights.

8.3    It is requested that Supervisory Defendant Superintendent González be enjoined from failing to fulfill their duties to adequately train, supervise, and discipline police officers, thereby protecting civilians from violations of their constitutional rights. Their failure to do so directly and foreseeably contributed to the excessive and unreasonable use of force that resulted in the wrongful death of Vázquez Jr. Moreover, Plaintiffs request that Supervisory Defendant González be ordered to implement

remedial measures, including appropriate training, supervision, and disciplinary protocols, to prevent and deter similar unlawful conduct by their subordinates in the future.

## IX.    SIXTH CAUSE OF ACTION
### (Supplemental Jurisdiction)
### (PR Civil Code, Art. 1536)

9.1    The allegations contained in all preceding paragraphs are re-alleged and fully incorporated herein.

9.2    Pursuant to 28 U.S.C.A. §1367, a federal court may exercise supplemental jurisdiction over state law claim when it's joined with a federal claim and both arise from a common nucleus of operative fact as alleged herein.

9.3    Pursuant to Article 58 of the Puerto Rico Civil Code, non-contractual obligations are governed, with respect to rules of conduct and safety, including those concerning punitive damages, by the law of the place where the damaged occurred.

9.4    Pursuant to Article 1536 of the Puerto Rico Civil Code, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, as well as punitive damages to the extent permitted by law.

9.5    All defendants are severally and jointly liable for their actions as established in the prescribed Article 1536 of the Puerto Rico Civil Code.

## X.    SEVENTH CAUSE OF ACTION
### (Attorney Fees and Prejudgment Interest)

10.1    The allegations contained in all preceding paragraphs are re-alleged and fully incorporated herein.

10.2    The defendants are jointly liable to plaintiffs for all sums herein requested as well as for all prejudgment and post judgment interest, costs and attorneys' fees as prescribed by law under 42 USC §1988.

**WHEREFORE**, plaintiffs seek judgment against defendants for the compensatory and punitive damages requested herein, costs, prejudgment, and post judgment interest, attorneys' fees and any other relief the Court may deem necessary and proper.

 **I HEREBY CERTIFY** that on this date, I electronically filed the foregoing notice of appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 19th day of September, 2025.


*/S/ José A. Morales Boscio*
Morales Boscio Law Offices PSC
USDC No. 220614
VIG Tower Suite 1500
Ave. Ponce de León 1225
Santurce, PR 00907-4980
Tel. 787.473.7778
E-Mail: jamb@mbprlaw.com